RECEIVED
JAN 03 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**LAW OFFICES OF**
**O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

JUDGE BATTS

---

JOHN HARDING
Plaintiff,

against

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT
P.O. JOE PANICO [SHIELD # 11701]
"JANE DOE" AND "JOHN DOE"
1'through'4 inclusive,
the names of the last defendants being fictious, the true names of the defendants being unknown to the plaintiff.
Defendant(s).

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

CASE No.: 08 CV 0037
CIVIL ACTION

**COMPLAINT**

**PLAINTIFF DEMANDS** TRIAL BY JURY

---

TAKE NOTICE, the Plaintiff, JOHN HARDING, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, John Harding, by his attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, The New York City Police Department, P.O. Joe Panico, "Jane Doe" AND "John Doe" collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the malicious actions and negligence of the defendants, arising from the illegal and unlawful arrest and subsequent imprisonment of the plaintiff by the defendant police officers in March 2007.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendant P.O. JOE PANICO is a Police Officer and at all times relevant to this action is an officer of the City of New York Police Department and is acting under color of

state law. Said officer is being sued in both his individual and official capacity.

8. Defendants "Jane Doe" and "John Doe" are unknown police officers of the City of New York, acting under color of state law. They are being sued in both their individual and official capacities.

9. The Defendant New York Police Department is an agency of the Defendant City of New York, which is a municipality in the State of New York and employs the Defendants P.O. Joe Panico, "Jane Doe," and "John Doe".

**FACTUAL ALLEGATIONS**
**COMMON TO ALL CAUSES OF ACTION**

10. On or about March 11, 2007, defendant Police Officers assigned to the 17th Precinct, without probable cause and/or justification, arrested the plaintiff while he was on his way to the subway or train station in New York City, located in the County of New York, and falsely charged plaintiff with six (6) separate counts of various criminal offenses including PL 160.15(3), Robbery in the First Degree.

11. At the time of said arrest, the plaintiff was on his way home after meeting with some of his friends in the City. As plaintiff was walking to the Subway Station to catch a train, he was jumped by what appeared to be six men. Plaintiff was thrown to floor, causing him to slam his face on the hard concrete and sustaining a broken lip, internal bleeding in his mouth, and bruises to various parts of his body that violently came into contact with the concrete. While plaintiff was on the floor he felt at least two persons kneeling down on his back, causing him severe back pain. He was petrified and in a state of shock, it was at that point that one of the assailants' grabbed plaintiff's hands and placed hand cuffs on them, leading the plaintiff to believe that they were police officers. After placing hand cuffs on the plaintiff, the plaintiff was then pulled up to his feet and saw that his assailants were the defendant police officers. The plaintiff was then transported to the NYPD 17th Precinct, where he was placed in a holding cell and interrogated for several hours. During the entire time plaintiff was left with his hands in hand cuffs. While being interrogated, the plaintiff was

threatened and assaulted by the defendant officers to execute a confession to wit plaintiff refused. Thereafter plaintiff was transported to Central booking where he was detained for several more hours, before he was brought before a judge. From the time of the arrest to the time he was brought before the Judge, exceeded twenty-four hours. On seeing the Judge the plaintiff was charged with several charges including PL 160.15(3), Robbery in the First Degree. After seeing the Judge, plaintiff was then detained for an additional four days until his family was able to bail him out.    Plaintiff returned to court pursuant to court orders repeatedly until October 23, 2007 wherein the case was dismissed on the motion of the District Attorney.

12. That plaintiff and his friends and relatives did expend a significant amount of money as a result of the defendants' actions. The charges against the plaintiff were dismissed by the defendants pursuant to Criminal Procedure Law §30.30 (check citation).

13. That even though the defendant police officers knew, or should have known based on the facts, that the plaintiff did not commit any crime, they still proceeded to arrest plaintiff, charge, and use excessive force to assault and imprisoned plaintiff just to intimidate plaintiff.

14. That at no time during the arrest was plaintiff read his Miranda rights or allowed to make a phone call or inform his family that he had been arrested.

15. That the plaintiff was maliciously prosecuted for a long period of time without any just cause or reason.

16. At no time did plaintiff commit any offense against the laws of the City and or State of New York for which an arrest may be lawfully made. At no time did the plaintiff Rob, Assault or possess any unlawful weapon or stolen property

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his body some or all of which may be permanent.

18. The illegal and unlawful arrest of plaintiff, plaintiff's wrongful imprisonment particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of plaintiff's illegal and unlawful detention, assault, and confinement, plaintiff has lived and continues to live in constant fear, continues to suffer from nightmares, is fearful of going outside and whenever he sees a police officer or is in the midst of police officers, he suffers various emotional setbacks and attacks. Additionally, plaintiff has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home and family circles.

20. As a direct and proximate result of defendants' actions, plaintiff was arrested and imprisoned without just or probable cause.

21. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and the State of New York.

22. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violation of the constitutional rights of its citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who knowingly conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including the defendants in this case, to engage in unlawful conduct.

24. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in


particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

25. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

26. The actions of defendants were malicious, illegal, unlawful and directed at depriving the plaintiff of his constitutional rights.

27. This action has been commenced in a timely manner and within the constraints of all applicable statutes of limitations

## **AS A FIRST CAUSE OF ACTION:**

42 U.S.C Section 1983 - against Defendant Officers

28. Plaintiff hereby restates paragraphs 1-27 of this complaint, as though fully set forth below

29. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendant Officers, deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

30. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law,

and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

Assault and Battery, and Excessive Force - all Defendants

33. Plaintiff hereby restates paragraphs 1-32 of this complaint, as though fully set forth below

34. In using excessive force, physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendant Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment - all defendants

36. Plaintiff hereby restates paragraphs 1-35 of this complaint, as though fully set forth below

37. The Defendant Officers wrongfully, illegally and unlawfully detained and imprisoned the plaintiff.

38. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

39. At all relevant times, the Defendant Officers acted with excessive force in apprehending, detaining, and imprisoning

the Plaintiff.

40. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

41. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

42. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

43. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Defendant Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

44. The Defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

**AS A FOURTH CAUSE OF ACTION:**

Intentional Infliction of Emotional Distress - all Defendants

46. The Plaintiff hereby restates paragraphs 1-45 of this complaint, as though fully set forth below.

47. The Defendant Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

48. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendant Officers.

49. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hand of the Defendant Officers, defendant City of New York, as employer of the Defendant Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent and Retention of Employment Services - against Defendant City of New York.

51. Plaintiff hereby restates paragraphs 1-54 of this Complaint, as though fully set forth below.

52. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

53. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

54. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Defendant Officers were not prudent and were potentially dangerous.

55. Upon information and belief, Defendant City of New York's negligence in hiring and retaining the Defendant Officers proximately caused Plaintiff's injuries.

56. Upon information and belief, because of Defendant City of New York's negligent hiring and retention of the aforementioned Defendant Officers, Plaintiff incurred and sustained significant and lasting injuries.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendant Officers in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendant Officers in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendant Officers in an amount to be determined at trial;

5. On the Fifth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: December 28, 2007
Brooklyn, New York

Respectfully Submitted
O'keke & Associates, P.C.

By: Ugochukwu Uzoh Esq. [UU-9076]
255 Livingston Street,
4th Floor
Brooklyn, New York 11217
Dir. Dial : (718) 874-6421
Fax No. : (718) 855-9494

Snr. Counsel: Patrick O'keke Esq. [PO-2861]

255 Livingston Street,
4th Floor
Brooklyn, New York 11217
Dir. Dial : (718) 855-9595
Fax No. : (718) 855-9494

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JOHN HARDING,

Plaintiff(s),

against

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. JOE PANICO [SHIELD # 11701], "JANE DOE" AND "JOHN DOE" 1'through'4 inclusive, the names of the last defendants being fictious, the true names of the defendants being unknown to the plaintiff.

Defendant(s).

---

**SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET 4TH FLOOR BROOKLYN NY, 11217
PHONE: (718) 855-9595 FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

Dated:__________

Attorney(S) For:____________________

---