UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JOHN HARDING,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
P.O. JOE PANICO, [SHIELD # 11701] "JANE DOE"
AND "JOHN DOE" 1 'through' 4 inclusive, the names of
the last defendants being fictious, the true names of the
defendants being unknown to the plaintiff,

                              Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND POLICE OFFICER PANICO**

08 CV 0037 (DAB)
JURY TRIAL DEMANDED

------------------------------------------------------------------ x

        Defendants City of New York, the New York City Police Department and Police Officer Panico, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Police Officer Panico was employed by the City of New York as a Police Officer in March 2007 and that plaintiff purports to sue him in his individual and official capacity as stated therein, and state that the allegations that police officers acted "under color of state law" set forth conclusions of law rather than averments of fact, to which no response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York, that the City of New York maintains a Police Department, that Police Officer Panico was employed by the City of New York as a Police Officer in March 2007, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified police officers.

10. Deny the allegations set forth in paragraph "10" of the complaint

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was arrested on March 11, 2007, and deny knowledge or information sufficient to form a belief as to the allegations concerning where and with whom plaintiff had allegedly been prior to his arrest, for how long plaintiff was in custody, when and if plaintiff made bail, and the disposition of the criminal charges.

12. Deny the allegations set forth in paragraph "12" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of the criminal charges.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, and state that the allegations concerning "acting under color of state law" set forth legal conclusions rather than averments of fact, to which no response is required.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint,.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that the plaintiff filed a complaint in this action on or about January 3, 2008.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, and state that the allegations concerning "acting under color of state law" set forth legal conclusions rather than averments of fact, to which no response is required.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "45" of this answer as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "50"[1] of this answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants have not violated any rights, privileges or immunities under

---

[1] Defendants note that plaintiff's complaint appears to be misnumbered in that paragraph "51" refers back to paragraph "54."

the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63. At all times relevant to the acts alleged in the complaint, defendant Panico acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

64. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

65. Defendant Panico has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore is protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

66. Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

67. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

68. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

69. The New York City Police Department is not a suable entity.

**WHEREFORE,** Defendants City of New York, the New York City Police Department and Police Officer Panico request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 28, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York
        Attorney for Defendants City of New York, the
        New York City Police Department and Police
        Officer Panico
        100 Church Street, Room 3-310
        New York, New York 10007
        (212) 788-0988

By: _____
        Brian Francolla
        Assistant Corporation Counsel
        Special Federal Litigation

To:   Ugochukwu Uzoh, Esq. (By ECF and mail)
     Attorney for Plaintiff
     Law Offices of O'Keke and Associates, P.C.
     255 Livingston Street, 4th Floor
     Brooklyn, NY 11217

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on March 28, 2008, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND POLICE OFFICER PANICO** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

Ugochukwu Uzoh, Esq.
Attorney for Plaintiff
Law Offices of O'Keke and Associates, P.C.
255 Livingston Street, 4th Floor
Brooklyn, NY 11217


Dated: New York, New York
       March 28, 2008

                                                  _____
                                                  Brian Francolla
                                                  Assistant Corporation Counsel

Docket No. 08 CV 0037 (DAB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JOHN HARDING,<br><br>                                      Plaintiff,<br><br>                -against-<br><br>THE CITY OF NEW YORK,<br>NEW YORK CITY POLICE DEPARTMENT,<br>P.O. JOE PANICO, [SHIELD # 11701] "JANE DOE" AND "JOHN DOE" 1 'through' 4 inclusive, the names of the last defendants being fictious, the true names of the defendants being unknown to the plaintiff,<br><br>                                      Defendants. |
| **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND POLICE OFFICER PANICO** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York, the New York City Police Department and Police Officer Panico*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Brian Francolla*<br>*Tel: (212) 788-0988* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ………………………………,2008*<br><br>*……………………………………………… Esq.*<br><br>*Attorney for ……………………………………* |